```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
EILEEN HOLAHAN,
                                                                        Docket No.: 7:24-CV-01355
                               Plaintiff,                               (CS)
           -against-


HOME DEPOT U.S.A., INC.,
                               Defendant.
---------------------------------------------------------------x
```

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The parties in the above-styled litigation agree that the discovery sought by all parties is likely to involve the production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or another person which information the party is under a duty to maintain in confidence), hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information. Accordingly, the parties having agreed to enter into the Confidentiality Stipulation and Protective Order ("the Order") to govern the production of documents and testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

### Designation of Confidential Information

1.  *Designation of Material.* Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, competitive, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "Confidential." Copies, extracts, summaries, notes, and other

1

derivatives of Confidential Information also shall be deemed Confidential material and shall be subject to the provisions of this Order.

2. *Subsequent Designation.* Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved. Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3. *Designation of Depositions.* Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within 28 days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.

4. *Modification of Designation.* The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

(a) The producing party may agree in writing to downgrade or eliminate the Confidential designation concerning any material produced.

(b) If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may move the Court to downgrade or eliminate the "Confidential" designation. The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

## Access to Confidential Information

5. *General Access.* Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

(a) To outside counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation), provided that outside counsel who are not of record must first sign and deliver to counsel of record for each party or parties a letter in the form of Exhibit A hereto.

(b) To parties after they have been given a copy of this Confidentiality Stipulation by their outside counsel and signed a letter in the form of Exhibit A.

(c) To court reporters transcribing a deposition, hearing, or other proceeding in this matter who sign Exhibit A attached hereto (excluding court-appointed court reporters).

(d) To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party who is retained by a party or party's outside counsel in good faith for the purpose of assisting in this litigation) who sign Exhibit A attached hereto.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

6. *No Copies/Notes*. Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

7. *Disputes over Access*. If a dispute arises as to whether a particular person should be granted access to Confidential Information, and after good faith efforts to resolve the dispute, any party apply to the Court for guidance.

8. *Use in this Litigation Only*. Confidential Information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

9. *Use at Depositions*. If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

10. *Use at Court Hearings and Trial*. Subject to the Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable notice to the Court and counsel for the producing

Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

11. *Filing Under Seal*. Any party may apply to the Court for leave to file documents under seal.

12. *Reasonable Precautions*. Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

13. *Return After Litigation*. Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing or reflecting the other party's Confidential Information. This provision may be modified to comply with rules regarding record retention.

## Other Provisions

14. *Not an Admission*. Nothing in this Order shall constitute an admission by the party that information designated as Confidential is actually Confidential Information. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

15. *Miscellaneous*. This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal

discovery request or a Court order in this litigation. This Order may be used to protect the confidentiality of the residential addresses and social security numbers of the parties and of any and all current or former employees of either of the parties or their affiliates.

16. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

| NEIMARK COFFINAS & LAPP, LLP | STRONGIN ROTHMAN & ABRAMS, LLP |
|---|---|
| /s/ Lisa Stone | /s/ Yelena Graves |
| LISA STONE, ESQ.<br>Attorneys for Plaintiff<br>EILEEN HOLAHAN<br>37 Congers Road<br>New City, NY 10956<br>(845) 638-3012 | YELENA GRAVES, ESQ.<br>Attorney for Defendant<br>HOME DEPOT U.S.A., INC.<br>80 Pine Street, 10th Floor<br>New York, NY 10005<br>(212) 931-8300 |

The parties having stipulated and agreed hereto, it is SO ORDERED, this 11th day of April, 2024:

*Cathy Seibel*
_____
HON. CATHY SEIBEL, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
EILEEN HOLAHAN,

                              Plaintiff,

      -against-

HOME DEPOT U.S.A., INC.,

                              Defendant.
------------------------------------------------------------------x

**Docket No.: 7:24-CV-01355 (CS)**

**EXHIBIT A**

**AGREEMENT CONCERNING INFORMATION COVERED BY CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

---

      I have been designated by _____ as a person who may have access to Confidential Information as that term is defined in the Confidentiality Stipulation and Protective Order (the "Order") entered in the above-entitled case.

      Having read the Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and information designated as "Confidential Information" under the Order. I agree not to copy any documents or information that have been designated as "Confidential" and disclosed to me and not to disclose such documents or information to any person or entity not authorized under the Order to view Confidential Information, unless I am a court reporter or expert witness retained in connection with this lawsuit.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _____ day of _____, 2024.

_____
Name

_____
Address

_____
Employer

_____
Job Title

8